83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re H. Edwin SCHIMMELS; Mary Jo Schimmels, Debtors.
UNITED STATES of America ex rel. Stephen Rudd, Mark
Lanterman, Deborah Gibson, Henry Winburn and
Howard L. Hamby, Appellants,
and
UNITED STATES of America, Intervenor,
v.
H. Edwin SCHIMMELS; Mary Jo Schimmels, Appellees.
 No. 95-15143.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided April 26, 1996.
 
 Before: HUG, Chief Judge, and D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 Due to the termination of the automatic stay in bankruptcy court, the issues presented in this case have become moot. See 11 U.S.C. § 362(c)(1). This court, therefore, is without jurisdiction to entertain this appeal. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395-97 (1980).
 
 
 2
 In United States v. Munsingwear, Inc., 340 U.S. 36 (1950), the Supreme Court observed that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." Id. at 39. This procedure is utilized "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." Id. at 41. The Appellees argue that the case has become moot due to the actions of the Appellants and Government and that as a result vacatur is not appropriate. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994) (holding that vacatur is only appropriate when the case has "become moot due to circumstances unattributable to any other parties"). We disagree.
 
 
 3
 Here, the Appellants and the Government have an adverse judgment on an important issue that has become moot before it could be reviewed on the merits by this court. It has become moot because of the discharge of the Appellees from bankruptcy and the acceptance of the Appellees' reorganization plan by the bankruptcy court--a plan that was strongly opposed by the Appellants. While it is true that the Appellants and the Government lost their arguments before the bankruptcy court, this is not a situation in which the moving parties have actively caused the suit to become moot. Cf. Bonner Mall, 115 S.Ct. at 393 (holding that vacatur is not appropriate where the party seeking vacatur has caused the case to become moot through settlement). Neither Appellants nor the Government suggested the plan and its results cannot fairly be attributed to either of them. See Dilley v. Gunn, 64 F.3d 1365, 1370 (9th Cir.1995) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." (quoting Bonner Mall, 115 S.Ct. at 391)).
 
 
 4
 The opinion of the Bankruptcy Appellate Panel ("BAP") is VACATED, and the case is REMANDED with directions to dismiss.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a) and Ninth Circuit Rule 34-4